MEMORANDUM ***
A California jury convicted appellant Harvey Barry Jacobs of the second degree murder of his wife, Nadine, after a three-week-long trial in which more than thirty witnesses testified. The California Court of Appeal affirmed his conviction and the California Supreme Court denied review. After unsuccessfully seeking habeas relief in the California courts, Jacobs sought federal habeas relief. The magistrate judge assigned to the case recommended denial of Jacobs’s petition in a thoughtful and comprehensive report and recommendation. The district court overruled Jacobs’s objections to the report and recommendation and adopted it in its entirety. This timely appeal followed.
The prosecution’s theory of the case was that Jacobs and Nadine had a fight during which Jacobs hit Nadine over the head and then strangled her to death. Jacobs’s theory was that Nadine stayed up alone that night drinking wine and binge-eating, eventually choking on pastry. He claims that when he came downstairs to cheek on her, she was face-down on the kitchen floor. He then turned her over and tried unsuccessfully to resuscitate her before calling 911.
Jacobs argues that the prosecutor committed misconduct and denied him his right to a fair trial by (1) making factual misrepresentations during trial; (2) impugning defense counsel’s motives and integrity; and (3) repeatedly attempting to elicit testimony the trial court had previously ruled inadmissible.
I. Factual Misrepresentations
In her closing argument, the prosecutor said that there had been testimony that there was lividity to the back of Nadine’s body when the police officers arrived. There had been no such testimony. The prosecutor used this premise to argue that Jacobs’s theory of the case was wrong and that he was lying. Jacobs had claimed that after choking, Nadine fell forward to the floor, which would have caused blood to drain to the front of her body, leaving lividity there.
The California appellate court and the district court agreed that the prosecutor did make statements in closing that were at least misleading, but both concluded that Jacobs suffered no prejudice because the statements were not material. See Hayes v. Brown, 399 F.3d 972, 984 (9th Cir.2005) (en bane) (citing, inter alia, United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir.2003)).
*44 The centerpiece of the state’s case was the evidence of injuries to Nadine’s body, which indicated that she had been hit over the head, stunned and then manually strangled. The prosecutor’s statements about lividity did not occur until closing arguments, and the jury was properly instructed that counsel’s arguments were not evidence. Therefore, the California appellate court reasonably concluded that there was no reasonable likelihood that the prosecutor’s isolated improper statement about the location of lividity affected the judgment of the jury.
Next, Jacobs argues that the prosecutor presented false evidence regarding the location and severity of injuries to Nadine’s head. He says she misrepresented that Nadine had a serious injury to the top of her head, when the serious injury was really a “hat band” injury to the side of her head. A serious injury to the top of her head supported the prosecutor’s theory that Jacobs hit her, whereas one to the side would have supported Jacobs’s theory that she bumped her head when she collapsed.
As the district court found, the California appellate court reasonably determined that the prosecutor did not misrepresent the location or severity of Nadine’s head injuries. The evidence and argument were consistent with the autopsy report and the physical evidence. Most of Jacobs’s arguments amount to a mere disagreement with the prosecution expert’s choice of descriptive words, which is insufficient to support a claim of misrepresentation. Additionally, the jury was shown diagrams and photographs of Nadine’s head injuries, and was therefore unlikely to be affected by any ambiguous statements by counsel.
Jacobs complains that during closing argument, the prosecutor made several comments that improperly impugned the motives and bias of defense counsel and experts, thereby denying him a fair trial. This court stated the applicable standard in Tak Sun Tan v. Runnels, 413 F.3d 1101, 1112 (9th Cir.2005):
In evaluating the petitioners’ allegations of prosecutorial misconduct on a writ of habeas corpus, Darden v. Wainwright instructs us that “it ‘is not enough that the prosecutors’ remarks were undesirable or even universally condemned[,]’ [t]he relevant question is whether the prosecutors’ comments ‘so infected the trial with unfairness as to make the resulting conviction a denial of due process.’” 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (citations omitted). In other words, under Dar-den, the first issue is whether the prosecutor’s remarks were improper and, if so, whether they infected the trial with unfairness.
Both the California appellate court and the district court found that the prosecutor’s statements about defense counsel were improper but not significant enough to render the trial fundamentally unfair. Additionally, they both found that the prosecutor’s statements about the defense expert and his bias were not improper, but instead entirely permissible. Finally, the district court found on de novo review (because the state court had declined to address the issue) that the prosecutor’s suggestions that the eating disorder experts were intended to divert the jury’s attention were also permissible. Jacobs does little to suggest why these conclusions were unreasonable. We find his arguments not persuasive and agree with the district court on this point.
Jacobs’s final prosecutorial misconduct argument is that the prosecutor sought to admit testimony that the trial court had previously ruled inadmissible. Although the prosecutor was not successful in eliciting the testimony (because Jacobs’s law *45 yer’s objections were sustained), Jacobs argues that the prosecutor was successful in forcing his lawyer to object, with the effect of making the defense appear as if it was attempting to hide evidence from the jury.
The California appellate court reasonably found that the prosecutor’s conduct did not deny Jacobs a fair trial under Darden: the incidents were isolated, all of defense counsel’s objections were sustained, no inadmissible testimony was elicited, the jury was instructed not to draw any conclusions from the fact that the attorneys had to object, and the trial judge specifically reminded the jury not to hold objections against either side. See Greer v. Miller, 483 U.S. 756, 767 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (citations omitted).
II. Brady Violations
Jacobs contends that the prosecution violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose that after the preliminary hearing but before trial, its leading expert on cause of death (Dr. Swalwell), reviewed materials that contradicted his earlier testimony.
The district court found, contrary to the California appellate court opinion, that Brady does cover impeachment evidence. See United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). It also found, however, that the withheld evidence was not material to the defense, as required to establish a Brady violation. Benn v. Lambert, 283 F.3d 1040, 1053 (9th Cir.2002) (“Evidence is deemed prejudicial, or material, only if it undermines confidence in the outcome of the trial.”). In Jacobs’s case, the defense was able to impeach Dr. Swalwell by several other means, including by using the information provided to it by its own expert, which included one of the same articles that Dr. Swalwell reviewed after the preliminary hearing. The magistrate judge said, “nearly everything Jacobs contends he was prevented from doing because he was not aware of Dr. Swalwell’s review of the articles, he did through Dr. Schwartz.” Moreover, the impeachment value of the article was slight, and may not have achieved what Jacobs suggests it could have. The district court found that it was not material and we agree.
III. Ineffective Assistance
Jacobs’s final argument is that his trial counsel was ineffective. The California appellate court used the standard of People v. Pope, 23 Cal.3d 412, 425, 152 Cal.Rptr. 732, 590 P.2d 859 (Cal.1979), in denying Jacobs’s ineffective assistance claim. The district court found that the Pope standard satisfies Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because California courts have interpreted it to be as broad as Strickland. Regardless, it also found that the result of the state court’s opinion was consistent with Strickland, and therefore that Jacobs was not entitled to relief.
Jacobs argues that it was unreasonable for his attorney to not challenge the statements and evidence of the prosecution about lividity and about Nadine’s head injuries. The district court agreed on the lividity point, but found this failure not sufficiently prejudicial to warrant relief. Next, the court found that because the prosecutor’s statements regarding Nadine’s head injuries were not misleading, it was not unreasonable for defense counsel to decline to challenge those statements. We agree with the district court.
Jacobs also argues that his attorney could and should have done more to challenge the state’s experts and to support his own experts. He complains that his attor *46 ney failed to use certain articles and to challenge certain aspects of Dr. Swalwell’s autopsy methodology. The district court found that these alleged failures did not overcome the presumption that the performance of Jacobs’s counsel fell within an objective standard of reasonableness, and that in any event, Jacobs could not show the requisite prejudice to bé entitled to relief. In general, it found that Jacobs was merely suggesting that his attorney could have done more to help his case, and that was simply not enough to show ineffective assistance of counsel under Strickland. Moreover, it found that Jacobs could not demonstrate that if his counsel had done what he now suggests, the result would have been different. We agree with the district court on these points as well.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.